**James HOLIFIELD, Petitioner,**

v.

**J. O. DAVIS, Warden and State of Alabama, Respondents.**

No. 81–7084
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 23, 1981.

Orson L. Johnson, Birmingham, Ala. (Court-Appointed), for petitioner.

Joseph G. L. Marston, III, Montgomery, Ala., for respondents.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

PER CURIAM:

James Holifield was convicted of robbery in an Alabama state court and was sentenced to thirty years imprisonment. On appeal, his conviction was affirmed. *Holifield v. State*, Ala.Cr.App., 347 So.2d 559, *cert. denied*, 347 So.2d 561 (Ala.1977). Holifield now appeals a denial by the federal district court of his petition for a writ of habeas corpus. He asserts the following state trial matters rise to constitutional level: (1) his conviction was based on mistaken identification; (2) the court improperly denied voir dire examination of witnesses who reviewed a photographic lineup; (3) a witness described photographs as "mug shots"; and (4) his arrest was illegal making the identification inadmissible.

Holifield's claim that certain witnesses were not positive in their identification of him is frivolous. Several witnesses testified to the identity of the petitioner as the robber and all were subjected to cross-examination. The question of identity was clearly presented to the jury which resolved it against Holifield. There was sufficient evidence to justify a rational trier of fact to

find guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 313, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 569 (1979).

As to the failure of the trial court to permit voir dire of identification witnesses, the Supreme Court recently held that the Constitution does not require a per se rule compelling state criminal courts to conduct a hearing out of the jury's presence whenever a defendant contends that a witness' identification of him was arrived at improperly. *Watkins v. Sowders,* 449 U.S. 341, 101 S.Ct. 654, 66 L.Ed.2d 549 (1981). Although Justice Stewart, writing for the Supreme Court, stated that "in some circumstances" a judicial determination outside the presence of the jury of the admissibility of identification evidence "may be constitutionally necessary," no attempt was made in that opinion to delineate such circumstances. There is nothing in this case, however, to indicate that cross-examination of the identification witnesses was not a sufficient means of ascertaining the truth. No circumstances beyond the ordinary facts of a photographic lineup for identification purposes have been asserted to justify a constitutional requirement of a judicial determination outside of the jury's presence of the admissibility of the identification testimony. The denial of voir dire of the identification witnesses was not constitutional error.

A witness' reference to "mug shots" unaccompanied by anything suggesting past criminal activity does not constitute prejudicial error. The trial court's instructions to the jury that a defendant is presumed innocent dissipates any innuendo which could have been drawn from the use of the term "mug shots" standing alone. *United States v. Robinson,* 406 F.2d 64, 66 (7th Cir.), *cert. denied,* 395 U.S. 926, 89 S.Ct. 1783, 23 L.Ed.2d 243 (1969); *United States v. Dichiarnte,* 385 F.2d 333, 337 (7th Cir. 1967), *cert. denied,* 390 U.S. 945, 88 S.Ct. 1029, 19 L.Ed.2d 1133 (1968). Here, a witness merely described the pictures as "like a mug shot." The description came in direct response to a question from Holifield's attorney and was responsive to the question.

Another reference to "mug shots" occurred during the direct examination of a detective. He stated that he held a picture lineup with the aid of "two mug books." The reference to "mug books" was also not prejudicial. The jury was aware of Holifield's arrest and could have assumed that the photographs were taken during the investigative stages of the crime for which he was on trial. *United States v. Axtman,* 589 F.2d 196, 199 (5th Cir. 1979).

A recent Supreme Court case defeats Holifield's illegal arrest argument. Holifield was arrested on May 17, 1976, pursuant to a warrant issued under § 4–10 of the Code of Tuscaloosa Alabama. Identification of Holifield was made while he was in custody under that warrant. In December, 1976, a municipal court ruled that section of the Tuscaloosa Code unconstitutional. In *Michigan v. DeFillippo,* 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979), the Supreme Court admitted evidence seized as a result of an arrest search made pursuant to a Detroit city ordinance later declared unconstitutional. The Court held the arrest for violation of the ordinance and the search for exclusionary rule purposes were valid and evidence seized in the search need not have been suppressed. *DeFillippo,* 443 U.S. at 40, 99 S.Ct. at 2633–34. As in *DeFillippo,* the arrest here was made pursuant to a statute which was presumptively valid. The Court noted:

> Police are charged to enforce laws until and unless they are declared unconstitutional. The enactment of a law forecloses speculation by enforcement officers concerning its constitutionality—with the possible exception of a law so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws. Society would be ill served if its police officers took it upon themselves to determine which laws are and which are not constitutionally entitled to enforcement.

443 U.S. at 38, 99 S.Ct. at 2632. *DeFillippo* controls the disposition of this issue. Any "lack of good faith" claim is vitiated by the fact that Holifield was arrested under a

warrant issued by an impartial magistrate after a finding of probable cause.

AFFIRMED.