Affirmed and Memorandum Opinion filed February 27, 2003














Affirmed and
Memorandum Opinion filed February 27, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00150-CR

____________

 

MARY LEE JAMERSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_________________________________________________

 

On Appeal from
the 339th District Court

Harris County, Texas

Trial Court
Cause No. 883,652

 

_________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant Mary Lee Jamerson appeals her aggravated-assault conviction.  Appellant argues the evidence is legally and
factually insufficient (1) to prove appellant used a deadly weapon and (2) to
sustain appellant’s aggravated-assault conviction.  We affirm.

                              I.  Factual and Procedural Background

            Officer Drey
of the Houston Police Department responded to an emergency call from a private
home.  When he arrived at the residence,
the complainant was standing at the end of the driveway holding a bloody towel
to her left shoulder.  She reported that
appellant had stabbed her and indicated appellant was inside the house.  After paramedics arrived to tend to the
complainant, Officer Drey attempted to talk to
appellant, but appellant could not provide a coherent account of what had
happened.  The only other person in the
house at the time of the incident was the complainant’s four-year-old son, who
was sleeping.  Officer Drey arrested appellant, and she was later charged by
indictment with aggravated assault. 
Appellant pleaded not guilty and testified that she acted in
self-defense.  The jury found appellant
guilty.  After appellant pleaded true to
two enhancement paragraphs, the trial court assessed punishment at 35 years’
confinement in the Texas Department of Criminal Justice, Institutional
Division.

                          II.  Issues Presented and Standard of Review

            In her first and second issues,
appellant argues the evidence is legally and factually insufficient to prove
the knife she used to stab the complainant was a deadly weapon.  In her third and fourth issues, appellant
argues the evidence is legally and factually insufficient to sustain her
conviction because the State allegedly failed to rebut appellant’s assertion of
self-defense.

            In evaluating a legal-sufficiency
challenge, we view the evidence in the light most favorable to the
verdict.  Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). 
The verdict may not be overturned unless it is irrational or unsupported
by proof beyond a reasonable doubt. Matson
v. State, 819 S.W.2d 839, 846 (Tex. Crim. App.
1991).  The jury, as the trier of fact, “is the sole judge of the credibility of
witnesses and of the strength of the evidence.”  Fuentes v. State, 991 S.W.2d
267, 271 (Tex. Crim. App. 1999).  The jury may choose to believe or disbelieve
any portion of the witnesses’ testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
When faced with conflicting evidence, we presume the jury resolved
conflicts in favor of the prevailing party.  Turro v. State,
867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if any rational trier of fact could have 

 class=Section2>

found
the essential elements of the crime beyond a reasonable doubt, we must affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

            In contrast, when evaluating a
challenge to the factual sufficiency of the evidence, we view all the evidence
without the prism of “in the light most favorable to the prosecution” and set
aside the verdict only if it is “so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust.”  Johnson v. State, 23 S.W.3d
1, 6–7 (Tex. Crim. App. 2000). This concept embraces both “formulations
utilized in civil jurisprudence, i.e., that evidence can be factually
insufficient if (1) it is so weak as to be clearly wrong and manifestly unjust
or (2) the adverse finding is against the great weight and preponderance of the
available evidence.”  Id. at 11.  Under this second formulation, we essentially
compare the evidence which tends to prove the existence of a fact with the
evidence that tends to disprove that fact. 
Jones v. State, 944 S.W.2d
642, 647 (Tex. Crim. App. 1996).  In conducting the factual-sufficiency review,
we must employ appropriate deference so that we do not substitute our judgment
for that of the fact finder.  Id. at
648.  Our evaluation should not intrude
upon the fact finder’s role as the sole judge of the weight and credibility
given to any witness’s testimony.  Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 

                                               III.  Analysis and Discussion

A.        Was the evidence legally and factually sufficient to support
a finding that the knife appellant used was a deadly weapon?

 

            We must decide whether any rational trier of fact could have found beyond a reasonable doubt
that appellant committed aggravated assault. 
A person commits the offense of assault if she: 

            (1)       intentionally, knowingly, or recklessly
causes bodily injury to another, including the person’s spouse;


(2)       intentionally or knowingly
threatens another with imminent bodily injury, including the person’s spouse;
or


(3)       intentionally or knowingly
causes physical contact with another when the person knows or should reasonably
believe that the other will regard the contact as offensive or provocative.



Tex. Pen. Code § 22.01.  A person commits aggravated assault if she
“uses or exhibits a deadly weapon” during the commission of the assault.  Tex.
Pen. Code § 22.02(a).  A deadly
weapon is defined as: 

(A)
a firearm or anything manifestly designed, made, or adapted for the purpose of
inflicting death or serious bodily injury; or


(B) anything that in the manner of its use or intended use is capable of
causing death or serious bodily injury.

 

Tex. Pen. Code § 1.07(a)(17). 

            In this case, the knife was not
admitted into evidence and the record contains conflicting evidence as to the
type of knife appellant used.[1]  The complainant’s hospital record states it
was “a full length kitchen knife.”  The
complainant testified that it was a “small butcher knife” with a black handle,
suitable for dicing vegetables or chopping meat.  Appellant testified it was “like a little
butter knife” and its blade was about two-and-a-half inches long.

            Although a kitchen knife or eating
utensil is not a deadly weapon per se under subsection A of section
1.07(a)(17), it becomes a deadly weapon if its use or intended use renders it capable of causing death or serious
bodily injury.  McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). 
The manner in which appellant used the knife and the complainant’s
wounds establish it was a deadly weapon. 
See Thomas v. State, 821
S.W.2d 616, 619 (Tex. Crim. App. 1991); see also Wade v. State, 951 S.W.2d 886,
892 (Tex. App.—Waco 1997, pet. ref’d) (stating
surrounding circumstances, including distance between defendant and victim, any
verbal threats, and any witness description of the knife are relevant to deadly
weapon determination).  

            The complainant testified that
appellant banged on the complainant’s bedroom door while she was sleeping and
yelled until she came out.  In one hand,
appellant held a lit cigarette and in her other hand, she clutched a knife
behind her back.  According to the
complainant, the two women were standing just outside the complainant’s bedroom
door in close proximity to each other. 
They exchanged profanities in their discourse about a previous
disagreement.[2]  When the complainant refused to apologize to
appellant, appellant said, “I’ve got something for you,” and then stabbed the
complainant twice.  The complainant
punched appellant in the head after appellant stabbed her and then the
complainant ran to the garage to call the police. 

            At trial, the complainant described
the knife as suitable for chopping meat, and gestured to show the length of the
blade.  The complainant and the State’s
attorney also demonstrated for the jury appellant’s proximity to the
complainant and the angle from which she stabbed the complainant.  The record does not reflect the information
these demonstrations conveyed to the jury. 
Because this court has no way of knowing the substance of these
demonstrations, in conducting a legal sufficiency review, we presume the undescribed acts supported the jury’s verdict.  See
Rogers v. State, 756 S.W.2d 332, 336–37 (Tex. App.—Houston [14th Dist.]
1988, pet. ref’d); see also Gaona v. State, 733 S.W.2d 611,
613 n.1 (Tex. App.—Corpus Christi 1987, no pet.) (stating appellant has the
burden of providing a sufficient record for appellate review if he wishes to
complain of matters which are affected by testimonial descriptions). 

            Although appellant stabbed the
complainant twice, the medical records and the complainant’s testimony showed
four wounds spanning the front of the complainant’s left shoulder and upper
arm.  Both times appellant stabbed the
complainant, the knife went through her and thus created two exit wounds in
addition to the entry wounds.  Medical
treatment included a tetanus shot, stitches, and painkillers.  In her initial account to Officer Drey, the complainant reported that appellant had tried to
kill her.  In the patrol car, as Officer Drey drove appellant to jail, appellant told Officer Drey she stabbed the complainant and that she would “do
worse” when released from jail.  Viewing
this evidence in the light most favorable to the verdict, we conclude a
rational trier of fact could have concluded the knife
appellant used to stab the complainant was a deadly weapon.  See McDuff, 939 S.W.2d at 614.  Moreover, the record shows that the jury’s
decision is not so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.  Accordingly,
we find the evidence is legally and factually sufficient to sustain appellant’s
conviction, and we overrule appellant’s first and second issues.

B.        Was the evidence legally and factually sufficient to rebut
appellant’s self-defense claim?

 

            In her third and fourth issues,
appellant argues the evidence is legally and factually insufficient to sustain
her aggravated-assault conviction because the State never rebutted appellant’s
assertion of self-defense beyond a reasonable doubt.  Appellant’s argument is ill-founded because
the State does not have to disprove self-defense beyond a reasonable
doubt.  Saxton v. State, 804 S.W.2d 910, 913–14 (Tex. Crim.
App. 1991).  Once the defendant meets her
initial burden to produce evidence sufficient to raise the issue of
self-defense, the State has the burden of persuasion
to disprove the self-defense evidence, but this is not a burden of production.  Id.  The issue of self-defense is a fact issue for
the jury and a verdict of guilty is an implicit finding rejecting the
defendant’s self-defense theory.  Id.  

            Appellant testified that just before
the incident, she was outside, and the complainant’s son came outside and told
appellant the complainant was going to “put her fists on” appellant.  Appellant allegedly went back inside the
house and was in the kitchen washing dishes when the complainant entered and
punched appellant with her fists three or four times.  Appellant testified that there was no
previous dispute between her and the complainant and that she stabbed the
complainant in the kitchen in self-defense. 
Officer Drey testified that appellant had a
large, visible lump on her forehead. 
Given that there was blood near the bedroom door and no blood in the
kitchen, Officer Drey concluded the stabbing did not
occur in the kitchen, as appellant alleged. 
He further testified that he arrived at the scene approximately fifteen
minutes after the complainant called for help and that appellant smelled of
alcohol and seemed intoxicated. 
Appellant was uncooperative and kicked the back windows inside the
patrol car until the rubber lining fell off of the window.  Officer Drey called
an ambulance to take appellant to Ben Taub hospital
because she complained of asthma complications. 
En route to the hospital, appellant removed an intravenous needle
paramedics had inserted and refused to let them reinsert it.  In the hospital waiting area, appellant
shouted profanities at other patients and threw tubes containing her blood
samples to the floor.  Ultimately, the
hospital released appellant because she refused medical treatment.  Officer Drey then
took appellant to the police booking station. 


            We conclude that a rational jury
could have found against appellant on the self-defense issue and found
appellant guilty of aggravated assault beyond a reasonable doubt.  We find the jury’s decision is not so contrary
to the overwhelming weight of the evidence as to be clearly wrong and
unjust.  Accordingly, we overrule
appellant’s third and fourth issues. 

            Having overruled all of appellant’s issues, we affirm the
trial court’s judgment.  

 

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment rendered and Opinion filed
February 27, 2003.

Panel consists of Justices Hudson,
Frost and Guzman.

Do Not Publish — Tex. R. App. P. 47.2(b).











            [1]  Officer Drey
testified that there were four clean, wet knives in the kitchen when he
arrived, but he never identified any of the knives as the weapon.  The complainant testified that she searched
thoroughly for the knife but never found it. 





            [2]  The stabbing happened at dusk on a summer
evening.  The complainant testified that
at approximately noon on the
same day, she and appellant disagreed whether the complainant’s son was allowed
to serve himself water from a dispenser on the refrigerator.