Affirmed and Memorandum Opinion filed March 13, 2003









Affirmed and Memorandum Opinion filed March 13, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-01194-CR

____________

 

RODNEY TAYLOR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 183rd District Court

Harris County, Texas

Trial
Court Cause No. 857,378

 



 

M
E M O R A N D U M   O P I N I O N

Appellant,
Rodney Taylor, was convicted of aggravated robbery.  Appellant claims the trial court abused its
discretion in denying his motion for a directed verdict because there was no
evidence he used a deadly weapon.  We
affirm.








Appellant
was charged by indictment with the offense of aggravated robbery.  The complainant, Wisam
Albarbarawi, testified that on September 19, 2000,
appellant approached him at a gas station and asked for money to fix a
tire.  Albarbarawi
testified that appellant then took out a knife, pointed it at Albarbarawi=s side, and grabbed his wallet from his hand.  Albarbarawi
eventually recovered his wallet, but without $500 in cash.  At the conclusion of the State=s
case-in-chief, appellant moved for a directed verdict, which the trial court denied.  The jury convicted appellant of aggravated
robbery and assessed punishment at nineteen years= confinement in the Institutional Division of the Texas
Department of Criminal Justice plus a $500 fine.

In
his sole issue on appeal, appellant contends the trial court erred in denying
his motion for directed verdict.  A
challenge to the trial court=s ruling on a motion for directed verdict is in actuality a
challenge to the legal sufficiency of the evidence to support the
conviction.  Madden v. State, 799
S.W.2d 683, 686 (Tex. Crim. App. 1990); Johnson v.
State, 32 S.W.3d 388, 392 (Tex. App.CHouston
[14th Dist.] 2000, no pet.).  In
evaluating legal sufficiency, we view the evidence in the light most favorable
to the verdict and determine whether any rational trier
of fact could have found the essential elements of the offense beyond a
reasonable doubt.  King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (citing Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2788B89
(1979)).

An
individual commits the offense of aggravated robbery if he or she commits
robbery and Auses or exhibits a deadly weapon.@  Tex. Pen. Code Ann. ' 29.03(a)(2) (Vernon 1994). 
Appellant=s only complaint on appeal is that there was no evidence that
he used or exhibited a deadly weapon. 
Although appellant claims he did not have any weapon, Albarbarawi unambiguously testified that appellant was
holding a knife in his hand when he grabbed Albarbarawi=s
wallet.  Although a knife is not a deadly
weapon per se, a knife is a deadly weapon if used in a manner in which
it would be capable of causing death or serious bodily injury.  See McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim.
App. 2000).  Appellant claims the State
presented no evidence that the knife in this case was capable of causing death
or serious bodily injury.  We disagree.








Albarbarawi
testified that appellant pointed the knife at his side and that he thought
appellant would Ahit@ him with it.  At the
time, appellant was standing one or two feet away, close enough to grab the
wallet from Albarbarawi=s hand.  Albarbarawi testified that he did not try to stop appellant
from taking his wallet because he was Aafraid from the knife,@ and that he thought he could be Ainjured from this knife.@  Finally, with respect
to the size of the knife=s blade, Albarbarawi testified with
the use of hand gestures that are not fully reflected in the record:

Q:        Not
a big one, not a small one.  What did you
see?

A:        No.  It=s
a small knife.

Q:        How
small? . . . .  Can you open your fingers
and tell me?

A:        It
was probably like that.

Q:        Is
that about C

A:        If
you C

Q:        Inches
C

A:        C
close it C if you open
it, open like that.

Q:        So
about two inches closed is what you saw?

A:        Yes, ma=am.  Probably like that.

Although Albarbarawi said the knife was Atwo
inches closed,@ he apparently used his fingers to show the jury how big the
knife was when Aopen@Cthe
only time the blade would be visible.  Albarbarawi=s visual description of the blade is not reflected in the
record on appeal.  We thus view this
testimony as supporting a finding that appellant=s knife was capable of causing death or serious bodily
injury.  See Rogers v. State,
756 S.W.2d 332, 336B37 (Tex. App.CHouston [14th Dist.] 1988, pet. ref=d)
(concluding that undescribed testimonial gestures
about the location of the defendant=s hands could have a significant impact on the jury=s
assessment and thus should be viewed as supporting the jury=s
verdict).

Viewing
the evidence in the light most favorable to the verdict, we conclude that a
rational jury could have found beyond a reasonable doubt that appellant used or
exhibited a deadly weapon while committing a robbery.  Accordingly, we overrule appellant=s
sole issue and affirm the trial court=s judgment.

 

/s/        Leslie
Brock Yates

Justice

 








Judgment rendered and Memorandum Opinion
filed March 13, 2003.

Panel consists of Justices Yates,
Anderson, and Frost.

Do Not Publish C
Tex. R. App. P. 47.2(b).