

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00301-CR

Marcelino **GUTIERREZ**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 6, Bexar County, Texas
Trial Court No. 351201
Honorable Wayne A. Christian, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Karen Angelini, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  March 6, 2013

AFFIRMED

After a bench trial, Marcelino Gutierrez, Jr. was convicted of the offense of criminal mischief.  On appeal, Gutierrez contends: (1) the evidence is insufficient to prove that he perpetrated the offense; and (2) the trial court erred in taking judicial notice of a disputed fact. We affirm the trial court's judgment.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Gutierrez challenges the legal and factual sufficiency of the evidence to support his conviction.  Although Gutierrez asserts a factual sufficiency challenge, the Texas

Court of Criminal Appeals has held "the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Under the *Jackson v. Virginia* standard, we review all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*. A reviewing court also defers to the trier of fact's credibility determinations. *See Brooks*, 323 S.W.3d at 894. Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all of the evidence, when coupled with reasonable inferences to be drawn from the evidence, is sufficient to support the conviction. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

In this case, Gutierrez challenges the sufficiency of the evidence to establish his identity as the perpetrator. "[T]he State may prove the defendant's identity and criminal culpability by either direct or circumstantial evidence, coupled with all reasonable inferences from that evidence." *Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009); *see also Morales v. State*, 293 S.W.3d 901, 909 (Tex. App.—Texarkana 2009, pet. ref'd) (holding appellate court is constrained to defer to findings of trier of fact based on its observation of gestures and demonstrations at trial that are not transcribed and the appellate court cannot see); *Rodriguez v. State*, 802 S.W.2d 716, 724 (Tex. App.—San Antonio 1990) (relying on nodding of witness's head as evidence), *aff'd as reformed*, 819 S.W.2d 871 (Tex. Crim. App. 1991); *Rogers v. State*,

756 S.W.2d 332, 336 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) (relying on witness's gestures as evidence).

Before any witnesses testified, the trial court asked the defendant to rise. The trial court then asked, "In Cause No. 351201, Mr. Marcelino Gutierrez, Jr., to the charge of criminal mischief, [$]500 to $1500, how do you plead, sir?" Gutierrez responded not guilty.

Norma Gutierrez testified that her ex-husband was supposed to pick up their children for his visitation. Norma stated that when her ex-husband arrived late, she went outside to determine if he had been drinking. Observing signs of intoxication, Norma refused to permit the children to go with him. Norma testified that her ex-husband became angry, so she ran inside to call the police. She then heard glass from the door and windows of the home breaking, and yelled, "Marcelino, stop. I already called 911." The windshield of Norma's truck also was broken, and a brick was lying beside the truck. While the damage was occurring, she heard her ex-husband yelling and calling her names. On cross-examination, Gutierrez's attorney informed Norma that she was Marcelino's attorney and asked her if the police went to find Marcelino that night. Norma responded that she did not know. Norma also was asked if she and Marcelino "get along," and she responded that she had not spoken to him since this incident. The trial court then asked Norma whether her "divorce from the defendant [was] final on the date of this incident," and Norma responded that it was.

Marcus Angelo Gutierrez, Norma and Gutierrez's thirteen-year-old son, was the second witness to testify. Marcus testified that he heard his father's voice while the windows were breaking, but he did not see his father breaking anything.

In response to defense counsel's motion for directed verdict, the trial court asked defense counsel if it was the defense's position "that they did not see any body language on the part of Norma or Marcus Gutierrez with regard to pointing at the defendant or looking at the defendant

or nodding in the defendant's direction to emphasize their statements." When defense counsel stated that was their position, the trial court stated:

> THE COURT: The Court takes judicial notice of body language of Norma and Marcus Gutierrez. On at least one occasion, Norma Gutierrez pointed at the defendant. On several occasions she nodded towards the defendant in emphasis of whatever answer she was giving to questions from the State or the Defense. She constantly looked at the defendant throughout all her testimony. Marcus Gutierrez, the son of the parties, constantly looked at the defendant. I don't remember him pointing or doing anything in that regard. When he was talking about identifying his father's voice, he was looking right at the defendant.
>
> Following the standard of totality of the evidence as previously stated, motion for directed verdict of acquittal is denied.

As previously noted, this court is constrained to defer to the findings of the trier of fact based on its observation of gestures, particularly when those observations are not transcribed. *Morales*, 293 S.W.3d at 909; *see also Rodriguez*, 802 S.W.2d at 724; *Rogers*, 756 S.W.2d at 336. We believe even greater deference should be given when the trier of fact articulates the gestures that were observed as the trial court did in the instant case. Moreover, even absent the trial court's description of the witnesses' gestures and body language, the trial court specifically asked Norma if her "divorce from the defendant [was] final on the date of this incident." In responding that it was, Norma's testimony established that the defendant was the ex-husband to whom she referred in her testimony. Finally, after informing Norma that she was Marcelino's attorney, defense counsel asked questions about the incident referring to the defendant as Marcelino. Viewing the cumulative force of all of the evidence and reasonable inferences in the light most favorable to the verdict, the evidence is legally sufficient to support the trial court's finding that Gutierrez was the perpetrator of the offense. Accordingly, Gutierrez's first issue is overruled.

**JUDICIAL NOTICE**

In his second issue, Gutierrez contends that the trial court erred in taking judicial notice of a disputed fact. As the State notes in its brief, however, Gutierrez made no objection when the trial judge stated that he was taking judicial notice of the gestures he observed. Accordingly, Gutierrez has not preserved this complaint for our review. TEX. R. APP. P. 33.1 (requiring error to be preserved for appellate review); *Euziere v. State*, 648 S.W.2d 700, 704 (Tex. Crim. App. 1983) (holding appellate complaint regarding trial court taking judicial notice not preserved absent an objection); *Nguyen v. State*, 982 S.W.2d 945, 948 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (same). Moreover, although the trial court used the term "judicial notice," the record establishes that the trial judge, as the trier of fact, was simply articulating his observations of the witnesses' gestures for the record.

**CONCLUSION**

The trial court's judgment is affirmed.

Karen Angelini, Justice

DO NOT PUBLISH