[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 26, 2010
JOHN LEY
CLERK

No. 09-15031
Non-Argument Calendar

_____

D. C. Docket No. 07-00224-CR-T-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD LEE EDENS, JR.,
a.k.a. cartoonstradeer,
a.k.a. tradeer,
a.k.a. tjepsk4ever,
a.k.a. edenslee,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 26, 2010)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Lee Edens appeals his convictions and sentence of 216 months of imprisonment for transporting, receiving, and possessing child pornography. 18 U.S.C. § 2252A(a)(1), (a)(2), (a)(5)(B). Edens challenges the sufficiency of the evidence, the denial of his motion to dismiss the charge of possessing child pornography, the enhancement of his sentence based on the number of pornographic images he possessed, and the reasonableness of his sentence. We affirm.

## I. BACKGROUND

On August 10, 2005, Agent Steven Forrest of the Federal Bureau of Investigation accessed an internet chat room to communicate with persons interested in child pornography. Forrest chatted with a person using the screen name Kingsbrewer, who forwarded three emails containing child pornography that he had received on August 9, 2005, from a person using the screen name Cartoonstradeer. The emails contained video recordings of young girls performing oral sex on a young boy, fondling male genitalia, and performing oral sex and submitting to attempted sexual intercourse by an adult male.

On August 23, 2005, Forrest contacted Cartoonstradeer. Cartoonstradeer said that he traded pornography of "all kinds, all ages," and he emailed Forrest a

video recording of a young girl dancing and partially disrobing. After Forrest stated that he was not a law enforcement officer, Cartoonstradeer forwarded to Forrest a video recording of an adult man masturbating and ejaculating on the mouth of a girl who appeared to be no more than five years old.

Forrest subpoenaed records regarding Cartoonstradeer's account with America On Line. Forrest learned that Edens had registered his screen name as Cartoonstradeer; the IP address for the account belonged to Edens; Edens used an address in Daleville, Alabama; and the account was paid with Edens's VISA credit card. The records showed that Cartoonstradeer accessed the internet on August 9, 2005, and August 23, 2005.

Kingsbrewer sent child pornography to Forrest and Cartoonstradeer on three occasions. On August 24, 2005, Kingsbrewer emailed to Forrest and Cartoonstradeer 12 images of child pornography. On September 2, 2005, Kingsbrewer forwarded to Forrest and Cartoonstradeer an email that contained nine photographs. Five of the photographs depicted intercourse between adult men and girls ranging from five to twelve years old, digital penetration of a young girl, and two young girls masturbating each other. Two other photographs depicted an adult man with a child who appeared to be no more than three years old and a nude man with a young female whose genitalia was exposed. On September 6, 2005,

3

Kingsbrewer emailed to Forrest and Cartoonstradeer 45 images that depicted young girls engaging in sexual acts with adults and children and exposing their genitalia.

On October 25, 2005, Forrest and other federal agents executed a warrant to search Edens's apartment. Agents discovered a computer that contained several images of child pornography and seized the computer. Agent Tab Clardy spoke to Edens's neighbor and employer, Doug Nopens, who said that Edens was a professional truck driver who used a laptop computer to track his mileage. Agents did not find a laptop computer in Edens's apartment.

The next day, Edens agreed to meet with Clardy in Dothan, Alabama. Edens said that he did not complete high school and he was not a proficient reader. Edens stated that he used the screen name Cartoonstradeer and had viewed child pornography over the internet in the past. After he waived his right to counsel, Edens admitted that he had accessed and traded child pornography through chat rooms and had viewed images involving infants and young children.

In March 2007, a forensic examiner searched Edens's computer for child pornography. The examiner discovered 611 images that included pictures of young females engaged in sexual acts with adult men and 17 video recordings. Among the recordings were videos of a girl who appeared to be 12 or 13 years old

4

dancing provocatively and of one young girl digitally penetrating another young girl. Many of the images discovered on Edens's computer were attached to emails sent to screen user Cartoonstradeer, and the examiner found emails Cartoonstradeer had received from Kingsbrewer. Three of the images found on Edens's computer matched photographs that Cartoonstradeer had emailed Forrest. At least eight of the images were identified as photographs taken of two sisters when they were seven and nine years old while they were being raped by their stepfather.

The government charged Edens for six crimes related to his possession, receipt, and distribution of child pornography. At trial, the government introduced testimony from Forrest and other agents about their investigation, the examination of Edens's computer, and the child pornography discovered on the computer. Edens elicited information from government witnesses and introduced testimony from his employer's payroll clerk, his daughters, and acquaintances to support his theory that other people had downloaded the child pornography onto his computer. Edens did not testify. A jury found Edens guilty of six crimes: transporting child pornography on August 9, 2005, and August 23, 2005; receiving child pornography on August 24, 2005, September 2, 2005, and September 6, 2005; and possessing child pornography on October 25, 2005.

Edens moved to dismiss the charge of possessing child pornography. He argued that his convictions for receipt and possession violated the Double Jeopardy Clause. The district court denied Edens's motion based on our decision in United States v. Bobb, 577 F.3d 1366, 1375 (11th Cir. 2009), in which we held that the defendant was not subject to multiple punishments for the same crimes when he was convicted of receiving and possessing different images of child pornography in November 2004 and August 2005. The district court found that the government "took steps to clarify that [Edens's] possession and receipt charges were based on different images," and that "even without the three overlapping images, over 600 images and 17 videos still remained to support the possession charge."

The presentence investigation report listed a base offense level of 22, United States Sentencing Guideline § 2G2.2(a)(2) (Nov. 2004), and increased that level by 18 points. The report recommended a four-level enhancement because Edens's offenses involved materials that portrayed sadistic or masochistic acts, id. § 2G2.2(b)(3)(B), and a five-level enhancement because the offenses involved more than 600 images, id. § 2G2.2(b)(7)(D). With a criminal history of I, the report listed a guideline range between 292 and 365 months of imprisonment. The report stated that Edens faced a maximum statutory sentence of 20 years for his convictions for distribution and receipt, and a maximum statutory sentence of

6

10 years for his conviction for possession of child pornography.

Edens objected to the presentence report. Edens argued that the five-point enhancement resulted in a sentence that was disproportionate to his crimes. Edens requested that the district court impose a sentence of no more than 60 months of imprisonment.

The district court held a hearing and accepted evidence relevant to Edens's request for a downward variance. The government read statements submitted by two of the victims depicted in the pornographic materials. One woman, who had been abused by her uncle when she was four years old, stated that she feared someone would recognize her from the images distributed by her uncle and felt exploited on a daily basis because her photographs were still being disseminated. The woman also said that she was "horrified by the thought" that the photographs might be used to groom children. The district court found that three of the photographs depicted sadistic and masochistic acts.

The district court determined that the quantity of photographs that Edens possessed and the graphic nature of those materials warranted a sentence "somewhere near" the statutory maximum sentence. After it considered "the sentencing guidelines" and the statutory factors, the district court sentenced Edens to five concurrent terms of 160 months of imprisonment for transporting and

receiving child pornography to run consecutive to a 50-month sentence for possessing child pornography.

## II. STANDARDS OF REVIEW

We review de novo the denial of a judgment of acquittal, and we construe the evidence in the light most favorable to the government. United States v. Demarest, 570 F.3d 1232, 1239 (11th Cir. 2009). We also review de novo the denial of a motion to dismiss. United States v. Mendez, 117 F.3d 480, 486 (11th Cir. 1997). An objection to the enhancement of a sentence that was not presented to the district court is reviewed for plain error. See United States v. Beckles, 565 F.3d 832, 842 (11th Cir. 2009). We review the reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007).

## III. DISCUSSION

Edens raises four issues for our consideration. All fail. We address each in turn.

*A. There is Sufficient Evidence That Edens Transported, Received, and Distributed Child Pornography.*

Edens argues that there is insufficient evidence to support his six convictions. Edens argues that the government failed to prove that Edens sent or received the emails that contained photographs and video recordings of child

pornography. Edens argues that other persons had access to his computer and password, and he did not receive emails on September 2, 2005, and September 6, 2005, because he was away from home on business.

Sufficient evidence supports Edens's convictions. The government established that Edens owned the screen name Cartoonstradeer; messages emailed by Cartoonstradeer to Agent Forrest contained words spelled phonetically, which was consistent with Edens's educational background; and a forensic examiner discovered evidence that Edens's computer had been used to email, receive, and store images and video recordings of child pornography. See 18 U.S.C. §§ 2252A(a)(1), (a)(2), (a)(5)(B). The forensic examiner discovered on Edens's computer three images that Cartoonstradder had sent to Forrest, and Edens confessed to federal agents that he had downloaded, retrieved, and traded images and videos of child pornography. "The question of identity was clearly presented to the jury[,] which resolved it against [Edens]." Holifield v. Davis, 662 F.2d 710, 710 (11th Cir. 1981). Although Edens argues that he was not home on September 2, 2005, and September 6, 2005, the record establishes that child pornography was sent to his internet account. A reasonable jury could have found that Edens transported, received, and possessed child pornography.

*B. The District Court Did Not Err By Denying Edens's Motion to Dismiss.*

Edens argues that his conviction for possession of child pornography was based on the same misconduct as his convictions for distribution and receipt of child pornography, but he acknowledges that his argument is foreclosed by our decision in United States v. Bobb, 577 F.3d 1366. Edens, like Bobb, was convicted of "[six] distinct offenses, occurring on [six] different dates, and proscribed by [three] different statutes." Id. at 1375. The district court did not err by denying Edens's motion to dismiss the charge of possession of child pornography.

*C. Edens Was Correctly Sentenced For Possessing More Than 600 Images of Child Pornography.*

Edens argues for the first time on appeal that the district court could not rely on section 2G2.2(b)(7)(D) to enhance his sentence, but his argument fails. "[I]t is for Congress to say what a crime is and how that crime should be punished," United States v. Holmes, 868 F.2d 1175, 1178 (11th Cir. 1988), and Edens cites no authority to support an argument that Congress lacked the authority to enact section 2G2.2(b)(7)(D). The district court did not plainly err by enhancing Edens's sentence for possessing hundreds of images of child pornography.

*D. Edens's Sentence is Reasonable.*

The district court did not abuse its discretion by sentencing Edens below the

guideline range. Edens argues that the district court treated the guideline range as presumptively reasonable, but the court stated at sentencing that it was "not bound to apply the guidelines." The district court considered the particular circumstances of Edens's crimes, including the quantity of child pornography that he possessed, the sadistic and masochistic nature of some of those images, and the lack of evidence that Edens had abused a child. The district court reasonably determined a sentence of 216 months of imprisonment, which was about six months less than his maximum statutory sentences, would address the "heinous" nature of Edens's crimes. See United States v. Pugh, 515 F.3d 1179, 1202–03 (11th Cir. 2008) (listing appeals in which this Court affirmed downward variances where "substantial prison sentences had been imposed"). Edens's sentence is reasonable.

## IV. CONCLUSION

Edens's convictions and sentences are **AFFIRMED**.