Jason Lalonde LACCA, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–84–401–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 25, 1985.

Brian W. Wice, Douglas O'Brien, Houston, for appellant.

John B. Holmes, Dist. Atty., Calvin A. Hartmann and Don Clemmer, Asst. Dist. Attys., Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice.

Appellant, upon a plea of not guilty, was convicted by a jury of arson. The jury assessed punishment at two years' confinement in the Texas Department of Corrections and a $10,000 fine.

In two grounds of error appellant complains that (1) evidence of an extraneous offense and (2) an involuntary confession were erroneously admitted into evidence. We hold that the reference to the extraneous offense should have been excluded, but find that the error does not require rever-

sal. We cannot determine the issue of voluntariness of the confession because the trial court failed to make written findings of fact and conclusions of law. The appeal is ordered abated and the cause remanded until such findings and conclusions are made.

Appellant was a volunteer firefighter for the Mount Houston Fire Department. His initial contact with arson investigators arose when he talked with an investigator October 17, 1983, at the scene of a fire on Illene Street. (Illene Street fire). Appellant implicated Martin Schelsteder, a fellow firefighter, in that fire. Martin Schelsteder was picked up and questioned. He became a principal witness against appellant concerning an earlier fire at a vacant house on Homestead Road September 13, 1983. Appellant now appeals his conviction for starting the Homestead Road fire.

On October 18, 1983, appellant came to the arson investigation office for an interview. He thought he was there to discuss the Illene Street fire. He was also questioned about the Homestead Road fire but denied any involvement. On October 21, 1983, a Friday, appellant was again questioned and taken across town for a lie detector test. Appellant did not take the test.

While driving back to his place of business, Richard Birdwell, arson investigator for the Harris County Fire Marshall's Office, encouraged appellant to confess. He told appellant that any conversation they had would be confidential and man-to-man. Appellant orally confessed to starting the Homestead Road fire. Birdwell asked appellant to go back to the office and put his confession in writing. Appellant refused because he wanted to discuss the problem with his wife over the weekend. Appellant agreed to call Birdwell on Monday. When appellant telephoned Monday morning Birdwell recorded the conversation in which appellant again confessed to starting the Homestead Road fire. A pretrial hearing on the admissibility of the two confessions was held. The court suppressed the

first oral confession but allowed the jury to hear the recording.

At trial, before the recording was played, appellant specifically objected to the following portion of the recording because it referred to an extraneous offense.

> BIRDWELL: O.K. All right, did you ah, you know we suspected you on two of them, did you set that trailer house on Surburban also?
>
> LACCA: No sir.
>
> BIRDWELL: You know who did?
>
> LACCA: No sir.
>
> BIRDWELL: O.K.
>
> LACCA: As a matter of fact, I didn't even get a chance to fight that one.

The trial court's action in overruling the objection is the subject of his second ground of error.

■ It is an established rule that evidence of prior criminal conduct that is collateral to the charge on which the defendant is being tried is inadmissible. *Maynard v. State*, 685 S.W.2d 60, 66 (Tex.Crim. App.1985) (en banc). The state does not argue that any exception to the rule against admitting extraneous offenses applies. *See Albrecht v. State*, 486 S.W.2d 97, 101 (Tex.Crim.App.1972).

The state contends that the appellant opened the door to evidence of Birdwell's suspicions through cross-examination of Martin Schelsteder. After reading the record we cannot agree. The cross-examination of Schelsteder merely brings out the fact that Schelsteder was involved in other fires and had implicated other firefighters in those fires. Nowhere does the cross-examination reveal that Schelsteder implicated appellant in any fire other than the Homestead Road fire. Nowhere else in the record do we find even a reference to a fire on Surburban.

■ The issue now becomes whether the error in admitting that portion of the conversation was reversible error. The test for harmless error is not whether a conviction could have been had without the improperly admitted evidence, but whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction or punishment assessed. *Maynard v. State*, 685 S.W.2d at 67.

■ In making this determination we must look to the record as a whole. In this case the jury had before it appellant's recorded confession along with Schelsteder's testimony that appellant was working at a store near the fire scene but was temporarily absent from his job just before the fire was reported. The reference to the Suburban Street fire was brief and in passing. It only reveals that the appellant was suspected of another crime. No real evidence reached the jury. Appellant's quick denial of involvement was included in the tape. No other references to the Surburban Street fire appear in the record either as evidence or in argument. At the punishment stage of the trial no evidence was presented to the jury. The jury assessed the minimum term of two years (20 years was the maximum), but the maximum fine of $10,000. The state had argued that any leniency should be expressed in assessment of the fine, not in years of imprisonment. Apparently the jury took the reverse approach. We conclude that there is not a reasonable possibility that the evidence complained of might have contributed to the conviction or to the assessment of punishment. *Cf. Johnson v. State*, 660 S.W.2d 536 (Tex.Crim.App.1983) (en banc); *Thrush v. State*, 515 S.W.2d 122 (Tex.Crim.App. 1974). The second ground of error is overruled.

In his first ground of error the appellant claims that the entire recorded conversation should have been suppressed as involuntary because appellant was still operating under the same rules and promise of confidentiality that applied in the car on Friday. At the pre-trial hearing on the motion to suppress, appellant testified that Birdwell was "extremely friendly" on the telephone and "I thought he was still talking to me like he was on Friday.... friend-to-friend, man-to-man-type business the way he did on Friday."

**648**

The court did not file among the papers of the case a written order stating its conclusions as to whether or not the recorded statement was voluntarily made, along with the specific findings of facts upon which the conclusion was based as required by Texas statute and constitutional law. Tex.Code Crim.Proc.Ann. art. 38.22, § 6 (Vernon 1979); *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). The requirements of Art. 38.22 are mandatory and require the trial court to file its findings regardless of whether or not the defendant objects to the failure to do so. *Dykes v. State*, 649 S.W.2d 633 (Tex.Crim.App.1983) (en banc), *McKittrick v. State*, 535 S.W.2d 873 (Tex.Crim.App. 1976).

Two courts of appeals have held that when the evidence at the motion to suppress a statement reveals no disputed fact issues, the trial court does not err in failing to make a written order with findings. *Perez v. State*, 674 S.W.2d 851 (Tex.App.— Corpus Christi 1984, no pet.); *Miller v. State*, 666 S.W.2d 269 (Tex.App.—Dallas 1984, pet ref'd).

In this case there are some fact issues raised by the evidence at the hearing, particularly whether the appellant's telephone conversation was involuntary because he was under the belief that the discussion was confidential. There may be other relevant disputed fact issues to be resolved. The issues mentioned earlier are not to be taken as exclusive. *See Dykes v. State*, 649 S.W.2d at 636. n. 2. Therefore, we abate this appeal and order the trial court to reduce to writing its findings of fact and conclusions of law on the disputed fact issues surrounding the taking of appellant's telephone confession and to file such findings with this court. The trial judge may review the transcription of the testimony upon which his original ruling was made, if necessary, in order to refresh his recollection. *McKittrick v. State*, 535 S.W.2d at 876.

We realize that the telephone conversation resulting from a call made by the appellant cannot be considered a custodial interrogation. *Walters v. State*, 677 S.W.2d 629 (Tex.App.—Eastland 1984, no pet.). However, we read section 6 of article 38.22 to apply to any statement alleged to be made involuntarily. *See McNeill v. State*, 650 S.W.2d 405, 406 (Tex.Crim.App. 1983) (en banc) ("When raised an accused is entitled to hearing on the voluntariness of any statement or confession ...")

The conviction is abated and the cause remanded.