William A. McIntosh v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-409-CR
No. 10-01-410-CR
No. 10-01-411-CR
No. 10-01-412-CR
No. 10-01-413-CR
No. 10-01-414-CR
No. 10-01-415-CR
No. 10-01-416-CR
No. 10-01-417-CR
No. 10-01-418-CR

     WILLIAM A. McINTOSH,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court Nos. 20084CR, 20085CR, 20086CR, 20087CR
20379CR, 20380CR, 20381CR, 20382CR, 20383CR and 20384CR
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      William A. McIntosh appeals from the trial court’s denial of his motions for appointment of
trial counsel in a series of DNA proceedings under chapter 64 of the Code of Criminal Procedure. 
We notified McIntosh in a published order dated December 11, 2002 that these are not appealable
orders and that these appeals would be dismissed for want of jurisdiction if supplemental clerk’s
records containing orders adjudicating the merits of his motions for DNA testing were “not filed
with the Clerk of this Court on or before 5:00 p.m. on December 27, 2002.” McIntosh v. State,
No. 01-409-CR, slip op. at 3-4, 2002 Tex. App. LEXIS 8879, at *4 (Tex. App.—Waco Dec. 11,
2002, order).
      We have not received a supplemental record containing an order on the merits in any of these
appeals. Accordingly, we dismiss these appeals for want of jurisdiction.
                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeals dismissed for want of jurisdiction
Opinion delivered and filed March 5, 2003
Do not publish
[CR25]



61 (Tex.
App.—Houston [14th Dist] 1990, no pet.).
      We are aware of no law in this State requiring trial courts to enter findings of fact in support
of their verdicts. Instead, to the contrary, is Article 37.07, Section 1(a) of the Code of Criminal
Procedure which specifically provides that the verdict in every criminal action must be general. 
The two cases cited by Appellant in this connection are Simpson v. State, 603 S.W.2d 862 (Tex.
Crim. App. 1980), and Lacca v. State, 696 S.W.2d 645 (Tex. App.—Houston [14th Dist.] 1985,
pet. ref'd). Both Simpson and Lacca deal with the question of necessity of findings of fact and
conclusions of law concerning the voluntariness of an accused's confession under Article 38.22
of the Code of Criminal Procedure and, in our opinion, neither of said cases has any application
to the problem in the case at bar. We, therefore, overrule Appellant's first point of error.
      Appellant by his second point of error contends that the evidence is legally insufficient to
prove that he (Appellant) had committed the aggravated robbery against Norman Langeland. The
main thrust of Appellant's insufficient argument is that the identification testimony was too weak
to support the guilty verdict. We do not agree.
      In reviewing the sufficiency of the evidence, the appellate court must determine, after viewing
the evidence in the light most favorable to the verdict, whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).
      Norman Langeland, the complainant, testified that on May 31, 1991, he had just exited a
Jack-in-the-Box restaurant when Appellant approached him, demanded his watch, and pulled a .38-caliber pistol from his pocket. As Langeland was turning to flee, Appellant shot him twice. 
Appellant ran, stopped, turned back toward Langeland and shot at him four more times before
finally leaving.
      Langeland came to court for a prior appearance in this case and saw Appellant in the
courtroom. When the court took a recess, Langeland approached him in the hallway. Without
any prompting, Appellant said to Langeland: "I didn't shoot anybody."
      Jeffrey O'Neil testified that he was managing the Jack-in-the-Box when Langeland was shot. 
On prior occasions, O'Neil had noticed that when Langeland left the restaurant, Appellant
followed him out. On this particular occasion and night in question, Appellant again followed
Langeland out of the restaurant and moments later, O'Neil heard gunshots. O'Neil ran out outside
and saw Langeland kneeling down and Appellant running away with a gun in hand.
      Fredon Amanji owns a business near the Jack-in-the--Box where Langeland was shot. On
May 31, 1991, Amanji was in his shop when he heard gunfire. Amanji ran outside and saw
Appellant running away. Amanji chased him, but Appellant eventually scaled a fence and escaped
in a waiting car.
      In short, the complainant identified Appellant as the person who shot him; O'Neil identified
Appellant as the person fleeing the scene with a gun immediately after he heard gunfire, and
Amanji identified Appellant as the person fleeing the scene immediately after he heard gunfire. 
Applying the Jackson v. Virginia rule hereinabove stated, a rational fact finder could have
concluded beyond a reasonable doubt that the Appellant committed the offense.
      Appellant sought to establish an alibi and to discredit the identification evidence above pointed
out; however, the trial court was free to reject that evidence and to rely on the evidence outlined
above in reaching his decision. Appellant's second point of error is, therefore, overruled.
      Judgment of the trial court is affirmed.
 
                                                                                     JAMES A. JAMES, JR.
                                                                                     Justice (Retired)

Before Justice Cummings,
      Justice Vance and
      Justice James (Retired)
Affirmed
Opinion delivered and filed January 20, 1993
Do not publish