In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00062-CR

                                                ______________________________

 

 

                                   JESSE WAYNE TURLEY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 273rd
Judicial District Court

                                                             Sabine County, Texas

                                                             Trial
Court No. 6529

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION

 

            Jesse Wayne
Turley was sentenced to ninety-nine years’ imprisonment and ordered to pay a
$10,000.00 fine after a Sabine County jury[1]
found him guilty of aggravated sexual assault of a child.  Turley appeals his conviction on grounds
that:  (1) the evidence was legally and
factually insufficient; (2) the trial court erred in finding the child victim competent
to testify; (3) the trial court erred in finding Turley’s confession was the
product of noncustodial interrogation; and (4) his counsel was
ineffective.  We find the evidence to
have been legally and factually sufficient to support the trial court’s finding
that Turley committed aggravated sexual assault.  We also conclude:  (1) that Turley failed to preserve his second
point of error (in which he maintained that the victim was not competent to
testify); (2) that Turley’s confessional statement to police was admissible
because Turley was not in custody when he gave his confession; and (3) that
Turley’s counsel did not provide ineffective representation.  Accordingly, we affirm the trial court’s
judgment.  

I.          The Evidence Is Legally and Factually Sufficient
to Support Turley’s Conviction

 

            In
considering legal sufficiency, we review the evidence, both properly and
improperly admitted, supporting Turley’s conviction in the light most favorable
to the jury’s verdict to determine whether any rational jury could have found
the essential elements of aggravated sexual assault beyond a reasonable
doubt.  Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003); Hartsfield v. State, 305 S.W.3d 859, 863
(Tex. App.—Texarkana 2010, pet. filed) (citing Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). We
must give deference to the responsibility of the jury “to fairly resolve
conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.” 
Hooper v. State, 214 S.W.3d 9,
13 (Tex. Crim. App. 2007) (citing Jackson
v. Virginia, 443 U.S. 307, 318–19 (1979)). 


            In
conducting a factual sufficiency review, we consider the evidence in a neutral
light. Watson v. State, 204 S.W.3d
404, 414 (Tex. Crim. App. 2006).  The
verdict will be set aside only if (1) it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and manifestly unjust, or (2) it
is against the great weight and preponderance of the evidence.  Id.
at 414–15 (citing Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). 

            Both
legal and factual sufficiency are measured by the elements of the offense as
defined by a hypothetically-correct jury charge.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); see also Grotti v. State, 273 S.W.3d 273, 280 (Tex. Crim. App.
2008).  Under a hypothetically-correct
jury charge, Turley committed the offense of aggravated sexual assault of D.S.
if he intentionally or knowingly caused the penetration of the mouth of D.S. by
his sexual organ and D.S. was younger than fourteen years of age at the
time.  Tex.
Penal Code Ann. § 22.021(a)(1)(B)(ii), (2)(B) (Vernon Supp.
2009).  A person acts intentionally with
respect to the nature of his conduct when it is his conscious objective or
desire to engage in the conduct; a person acts knowingly with respect to the
nature of his conduct when he is aware of the nature of his conduct.  Tex.
Penal Code Ann. § 6.03 (Vernon 2003).

            “The
testimony of a child sexual abuse victim alone is sufficient to support a
conviction for aggravated sexual assault.”[2]  Ozuna
v. State, 199 S.W.3d 601, 606 (Tex. App.—Corpus Christi 2006, no pet.)
(citing Tex. Code Crim. Proc. Ann.
art. 38.07 (Vernon 2005); Garcia v. State,
563 S.W.2d 925, 928 (Tex. Crim. App. 1978)). 
D.S. took the stand and testified Turley made her “[s]uck his private.”  Exhibits demonstrate that D.S. defined Turley’s
private as his penis.  D.S. was in the
second grade at the time of her testimony. 
Intent to commit sexual assault can be inferred from acts done.  Cook v.
State, 99 S.W.3d 310, 316 (Tex. App.—Eastland 2003, no pet.).  D.S. said the incident lasted “[a]bout thirty
minutes” and ended when something “white . . . . [went] into my mouth and I had
to spit it out.”  We determine that a
rational jury hearing this evidence could have found beyond a reasonable doubt
that Turley intentionally or knowingly caused the penetration of the child’s
mouth by his sexual organ. 

            Turley’s
arguments related to factual sufficiency posit that “there was no actual
physical evidence whatsoever of the alleged crime,” and that D.S.’s statements
were unclear as to the time the incident occurred and also varied from her
mother’s statements, which elaborated on additional accusations of sexual
abuse.  Physical evidence of the
aggravated sexual assault is not needed to satisfy the State’s burden of
proof.  Ozuna, 199 S.W.3d 601; Villalon v. State, 791 S.W.2d 130, 133
(Tex. Crim. App. 1990).   Further, we do
not believe Turley’s contentions demonstrate that the jury’s verdict was
clearly wrong, manifestly unjust, or against the great weight and preponderance
of the evidence.  

            Because we
find the evidence legally and factually sufficient, we overrule Turley’s first
point of error.  

II.        Argument that D.S. Was Incompetent to
Testify Was Not Preserved

 

            The Texas
Rules of Evidence state that every person is competent to be a witness except “[c]hildren
or other persons who, after being examined by the court, appear not to possess
sufficient intellect to relate transactions with respect to which they are
interrogated.”  Tex. R. Evid. 601(a)(2). 
This rule creates a presumption that a person is competent to
testify.  Reyna v. State, 797 S.W.2d 189, 191 (Tex. App.—Corpus Christi 1990,
no pet.); Rodriguez v. State, 772
S.W.2d 167, 170 (Tex. App.—Houston [14th Dist.] 1989, pet. ref’d).  Thus, an objection is required to preserve
error in the admission of testimony before we can address the issue of whether
the witness was competent to testify.  Montoya v. State, 811 S.W.2d 671, 673
(Tex. App.—Corpus Christi 1991, no pet.) (citing Carr v. State, 475 S.W.2d 755, 757 (Tex. Crim. App. 1972)).  

            Additionally,
the Texas Rules of Appellate Procedure mandate that the record show a complaint
as to D.S.’s competence was made to the trial court by a timely request,
objection, or motion, with sufficient specificity.  Tex.
R. App. P. 33.1(a)(1).  D.S. was
examined outside the presence of the jury. 
When asked to elaborate on the difference between the truth and a lie,
the child said, “when you tell a lie, it’s like when you hurt somebody and you
don’t tell the truth say: No, I didn’t. 
You’re telling a truth if you tell the truth, you say:  Yes, I did it.”  The trial court found the child competent to
testify.  Turley failed to object to the
trial court’s finding, and D.S. began her testimony without complaint.  

            “Usually,
the competence of a witness is waived when she is permitted to testify without
objection.”  Carr, 475 S.W.2d at 757; see also
McGinn v. State, 961 S.W.2d 161, 166 (Tex. Crim. App. 1998).  Unless
D.S.’s testimony shows on its face that she was incompetent to testify, “complaint
as to her incompetency raised for the first time on motion for new trial[3]
or on appeal comes too late.”  Id.  Turley
argues D.S. was incompetent because she could not recollect her outcry to her
mother, could not remember what she related to a caseworker during an
interview, did not have “a clear time reference” in which the events and
interviews occurred, and did not remember the exact location of this particular
assault.  Our review of D.S.’s testimony
referenced above, which demonstrated her ability to observe intelligently the
sexual assault by Turley, recall the event, and narrate it, leads us to
conclude that the record does not establish, on its face, that D.S. was
incompetent to testify.  

            Therefore,
we find that Turley failed to preserve this issue for our review.  This second point of error is overruled.  

III.       Trial
Court Did Not Err in Admitting Turley’s Confession 

 

            Turley filed a motion to suppress
his confession alleging that his waiver of Miranda[4] rights was involuntary because he had a
sixth-grade education and could not read or write.  “No written statement made by an accused as a
result of custodial interrogation is admissible as evidence against him in any
criminal proceeding unless” the accused “knowingly, intelligently and
voluntarily[5] waived the
rights” defined in Article 38.22, Section 2 of the Texas Code of Criminal
Procedure.[6]  Tex.
Code Crim. Proc. Ann. art. 38.22, § 2(a)(b) (Vernon 2005).  Where voluntariness of a custodial statement
is challenged, the trial court must make a finding outside of the jury’s
presence, and “the court must enter an order stating its conclusion as to
whether or not the statement was voluntarily made, along with the specific
finding of facts upon which the conclusion was based, which order shall be
filed among the papers of the cause.”   Tex. Code Crim. Proc. Ann. art. 38.22,
§ 6 (Vernon 2005).  However, the article
does not preclude admission of statements that do not stem from custodial
interrogation.  Tex. Code Crim. Proc. Ann. art. 38.22, § 5 (Vernon 2005); see Crivello v. State, 4 S.W.3d 792, 803
(Tex. App.—Texarkana 1999, no pet.).

         Turley’s point of error on appeal
involves evidence given of an interrogation during an  interview; Turley claims that there was no
explicit finding that the interview was noncustodial,[7]
and therefore, that the court erred in failing to provide a written order as to
its finding that the statement was voluntarily made.  When a trial court denies a motion to suppress
and does not enter findings of fact, the evidence is viewed “in the light most
favorable to the trial court’s ruling” and we “assume that the trial court made
implicit findings of fact that support its ruling as long as those findings are
supported by the record.”  Herrera v. State, 241 S.W.3d 520, 527
(Tex. Crim. App. 2007).   The
determination of whether Turley’s interrogation was custodial presents a mixed
question of law and fact.  Id. at 526.  We afford almost total deference to a “custody”
determination when questions of historical fact turn on credibility and
demeanor, but will review application to the law de novo.  Id. at
526–27.  

            Turley was “in
‘custody’ only if, under the circumstances, a reasonable person would believe
that his freedom of movement was restrained to the degree associated with a
formal arrest.”  Dowthitt v. State, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996)
(citing Stansbury v. California, 511
U.S. 318 (1994)).   Just because police
question someone at a police station does not necessarily constitute proof in
and of itself that the person being questioned is in custody at that time.  There are four general situations in which
custody may have occurred:  (1) if Turley
was physically deprived of his freedom of action in any significant way, (2) if
law enforcement officers told Turley that he could not leave, (3) if law
enforcement officers created a situation that would lead a reasonable person to
believe that freedom of movement was significantly restricted, and (4) if
there was probable cause to arrest and law enforcement officers did not tell Turley
that he was free to leave.  Id. at 255.  With regard to the first
three situations, “restriction upon freedom of movement must amount to the
degree associated with an arrest as opposed to an investigative detention.”  Id.  With regard to the last of the four
situations, “the police must manifest the information to the suspect, so that a
reasonable person would believe he or she is under restraint to the degree
associated with an arrest.”  Martinez v. State, 171 S.W.3d 422, 430
(Tex. App.—Houston [14th Dist.] 2005, no pet.); State v. Rodriguez, 986 S.W.2d 326, 330 (Tex. App.—El Paso 1999, pet.
ref’d).

            Officer
George Griffith initially met with Turley on September 10, 2009, and obtained a
statement denying sexual assault, the admission of which was not
challenged.  On September 30, Turley
voluntarily went to the police station and submitted to a polygraph
examination.  After that examination had
been completed, Griffith was advised that Turley wanted to speak with him.  Turley was read his Miranda rights and submitted to an interview.[8]  The warnings, which Turley initialed after
they were read to him, included his right to remain silent, right to have a
lawyer present, and right to terminate the interview at any time.  Griffith explained that no force was used,
Turley was not in handcuffs, was not arrested, and was free to leave at any
point.  He could not remember if the
interview lasted for more than an hour or two. 
Because Turley could not read or write due to his illiteracy, his
statements were typed by Griffith and were read back to him in the presence of
notary public Kellee Horn.  The statement
read:

I,
Jessee Wayne Turley was at Lake View Park with my 2 kids Aron Turley and
[D.S.].  While we were swimming [D.S.]
jerked my shorts down and grabbed my penis and tried to stick it in her
mouth.  [D.S.] may have got my penis in
her mouth I am not sure because I jerked back, and told her that I needed to
get her some help.  This happe[ne]d this
past summer while she was staying with me . . . .

 

            Horn
testified that after the statement was read, Griffith asked, “Is that what you
wanted me to put in there,” to which Turley responded, “Yes, sir.”  Horn witnessed and notarized Turley’s
signature on the statement, and believed that he made the statement knowingly
and intelligently in the absence of duress. 
Because Turley was free to leave, he departed the station and was not
arrested until October 6, 2009.  

             “At trial, the defendant bears the initial
burden of proving that a statement was the product of ‘custodial interrogation.’”  Herrera,
241 S.W.3d at 526.   There was no
evidence establishing Turley was physically deprived of his freedom of action
in any significant way, or that he was told he could not leave.  Griffith’s testimony demonstrates Turley
voluntarily arrived at the police station and asked to speak with
Griffith.  No physical restraints or
duress were used, and no other facts suggest that Griffith created a situation
that would lead a reasonable person to believe that freedom of movement was significantly
restricted.  The fact that Turley was
allowed to leave the police station after the interview is further evidence
that he was not in custody at that time. 
Although there may have been probable cause to arrest Turley because
D.S.’s outcry was known to officers, there is no evidence suggesting Griffith
failed to tell Turley that he was free to leave.  Thus, we find that Turley’s statement was the
product of a noncustodial interview.  See Estrada v. State, 313 S.W.3d 274
(Tex. Crim. App. 2010) (interrogation of over five hours not custodial where
defendant came to station voluntarily and told he was free to leave); Dancy, 728 S.W.2d at 778–79 (thirty-eight-minute
interview not custodial interrogation even where suspect accompanied officers
to police station and gave hair samples).  As such, the trial court was not required to
enter a written order finding Turley’s statements to be voluntary.[9]  

            Turley’s
points of error with regard to his confession are overruled.  

 

IV.      Turley Was Not Denied Effective Assistance
of Counsel 

 

            Turley
alleges that his counsel rendered ineffective assistance.  In analyzing this point of error, we start
with the rule that any allegation of ineffectiveness must be firmly founded in
the record.  Wallace v. State, 75 S.W.3d 576, 589 (Tex. App.—Texarkana 2002), aff’d, 106 S.W.3d 103 (Tex. Crim. App.
2003); Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005); Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  From the record received by this Court, which
does not include counsel’s reasons for the alleged failures, Turley bears the
burden of proving that counsel was ineffective by a preponderance of the
evidence.  Goodspeed, 187 S.W.3d at 392; Cannon
v. State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984); Thompson, 9 S.W.3d at 813.

            We
apply the two-pronged Strickland test
handed down by the United States Supreme Court to determine whether Turley
received ineffective assistance of counsel. Strickland
v. Washington, 466 U.S. 668 (1984). 
First, Turley must show counsel’s performance fell below an objective
standard of reasonableness when considering prevailing professional norms.  Id.
at 687–88.  There is a strong presumption
that counsel’s conduct fell within the wide range of reasonable professional
assistance and that the challenged action could be considered sound trial
strategy.  Id. at 689; Ex parte White,
160 S.W.3d 46, 51 (Tex. Crim. App. 2004); Tong
v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  Therefore, we will not second guess the
strategy of Turley’s counsel at trial through hindsight.  Blott
v. State, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); Hall v. State, 161 S.W.3d 142, 152 (Tex. App.—Texarkana 2005, pet.
ref’d). 

            Without
analysis, Turley provides the following laundry list of alleged errors
committed by counsel:

i.          Failing to call witnesses for the
Defendant at the guilt/innocence phase of trial,
although witnesses had been subpoenaed; 

ii.        Failing
to call witnesses for the Defendant at the punishment phase of the trial; 

iii.
       Failing to seek to admit the video
interrogation of the child witness; 

iv.
       Failing to lodge proper objections
to the competency of the child witness   to
testify; 

v.
        Failing to file proper pre-trial
motions; 

vi.
       Failing to file a motion to dismiss
the indictment;

vii.       Failing to hire a defense expert; 

viii.
     Failing to properly cross-examine
witnesses; and 

ix.
       Filing a Notice of Appeal and
Motion to Withdraw as Counsel       simultaneously,
without first filing a Motion for New Trial. 

In this case, since the record is
silent as to why counsel failed to make an objection or take certain actions,
we will assume it was due to any strategic motivation that can be imagined.  Mata v.
State, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Fox v. State, 175 S.W.3d 475, 485–86
(Tex. App.—Texarkana 2005, pet. ref’d). 
There is no indication that calling any witnesses for Turley during
either the guilt/innocence or punishment phase would be helpful to Turley.  The decision not to call witnesses could have
been a strategic choice.  We cannot
fathom, absent argument to the contrary, why Turley’s counsel would prefer
admission of D.S.’s video recorded interview; the interview itself might have
elicited sympathy from the jury and would certainly have been redundant of the
same story the child gave from the stand, further impressing it on the minds of
the jurors.  The finding that D.S. was
competent was made in front of the jury. 
Turley’s counsel could have decided not to object because he believed
D.S. was competent and reasoned that an objection in front of the jury might
give the appearance Turley was attempting to hide key evidence and/or that D.S.’s
credibility might be bolstered if the trial court overruled his objection.  Next, Turley does not elaborate on what
pretrial motions should have been filed, what basis would support a motion to
dismiss the indictment, and why he would be entitled to a defense expert.  The record demonstrates that counsel
adequately cross-examined each of the State’s witnesses, and there is no
indication as to why his examination was inadequate.  Finally, the trial court imposed its sentence
on February 23, 2010, trial counsel withdrew on March 18, 2010, and appellate counsel
was appointed on the same day.  Thus,
appellate counsel was free to file a motion for new trial.  See Tex. R. App. P.
21.4.  Trial counsel might have been
aware of the timing of the appointment and could have decided to let appellate
counsel (presumably skilled in appellate work and cognizant of the steps which
would further the chances for a successful appeal) file a motion for new trial
if it was deemed by appellate counsel to be advisable or necessary.  In addition, Turley’s brief fails to address
what meritorious grounds would be available to support the motion for new
trial.  We find that Turley failed to
establish the first Strickland
prong.  Failure to satisfy either prong
of the Strickland test is fatal.  Ex parte
Martinez, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006).  

            Nevertheless,
to meet the second prong of the Strickland
test, Turley was required to show that the deficient performance damaged his
defense such that there was a reasonable probability[10]
that the result of the proceeding would have been different.  Strickland,
466 U.S. at 687; Tong, 25 S.W.3d at
712.  Turley fails to adequately brief
this second Strickland prong.  Given the evidence which we found sufficient
to support his conviction, we conclude Turley did not meet his burden to prove,
by a reasonable probability, that the result of the proceeding would have been different.  

            We
overrule Turley’s last point of error.  

V.        Conclusion 

            We affirm the trial court’s
judgment. 

 

 

                                                            

                                                                        Bailey C. Moseley

                                                                        Justice

 

Date
Submitted:          August 13, 2010

Date
Decided:             September 1, 2010

 

Do
Not Publish

 

 

 

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t
Code Ann. § 73.001 (Vernon 2005).  We are unaware of any conflict between precedent
of the Twelfth Court of Appeals and that of this Court on any relevant
issue.  See Tex. R. App. P. 41.3.

 





[2]D.S.’s
mother also testified about several other incidents of sexual abuse in addition
to D.S.’s outcry that “[Turley] also had her suck his private, made her lick
him.”  We may also consider Turley’s
confession when determining sufficiency of the evidence.  The written confession is addressed in the
third point of error.  





[3]No
motion for new trial was filed in this case. 






[4]Miranda v. Arizona, 384 U.S. 436 (1966).


 





[5]Nowhere
does Turley argue that his waiver of rights was unknowing and
unintelligent.  The mere fact that he
could not read or write does not make his oral statement involuntary where it
was reduced to writing, read back to him, and agreed to by him after
acknowledgement that he understood and waived his rights.  

 





[6]Article
38.22 of the Texas Code of Criminal Procedure “requires a slightly more
elaborate set of warnings than Miranda.”
 Wilkerson
v. State, 173 S.W.3d 521, 527 n.14 (Tex. Crim. App. 2005). 





[7]Turley’s
point of error alleges that the trial court erred in failing to determine
whether the interrogation was custodial or noncustodial.  Because the statement was admitted without
entry of an order, we imply the finding that the statement was
noncustodial.  Had the court found the
interrogation was custodial, it would be required to enter a written order
complying with the mandatory requirements of Article 38.22 “regardless of
whether or not defendant objects to failure to do so.”  Lacca
v. State, 696 S.W.2d 645 (Tex. App.—Houston [14th Dist.] 1985, pet. ref’d)
(remedy of trial court’s error is abatement of appeal and order to trial court
to make required findings).  





[8]“Mere
recitation of such [Miranda] warnings
is more indicative of proper cautiousness than it is of the officer’s intent to
arrest.”  Dancy v. State, 728 S.W.2d 772, 777 (Tex. Crim. App. 1987).





[9]Again,
we note that Turley does not allege on appeal that the statement was made
involuntarily.  





[10]A
reasonable probability “is a probability sufficient to undermine confidence in
the outcome.”  Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).