

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00062-CR

_____

JESSE WAYNE TURLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 273rd Judicial District Court
Sabine County, Texas
Trial Court No. 6529

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Jesse Wayne Turley was sentenced to ninety-nine years' imprisonment and ordered to pay a $10,000.00 fine after a Sabine County jury[1] found him guilty of aggravated sexual assault of a child. Turley appeals his conviction on grounds that: (1) the evidence was legally and factually insufficient; (2) the trial court erred in finding the child victim competent to testify; (3) the trial court erred in finding Turley's confession was the product of noncustodial interrogation; and (4) his counsel was ineffective. We find the evidence to have been legally and factually sufficient to support the trial court's finding that Turley committed aggravated sexual assault. We also conclude: (1) that Turley failed to preserve his second point of error (in which he maintained that the victim was not competent to testify); (2) that Turley's confessional statement to police was admissible because Turley was not in custody when he gave his confession; and (3) that Turley's counsel did not provide ineffective representation. Accordingly, we affirm the trial court's judgment.

## I.    The Evidence Is Legally and Factually Sufficient to Support Turley's Conviction

In considering legal sufficiency, we review the evidence, both properly and improperly admitted, supporting Turley's conviction in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of aggravated sexual

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. See TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. See TEX. R. APP. P. 41.3.

assault beyond a reasonable doubt. *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. filed) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). We must give deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)).

In conducting a factual sufficiency review, we consider the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). The verdict will be set aside only if (1) it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust, or (2) it is against the great weight and preponderance of the evidence. *Id*. at 414–15 (citing *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)).

Both legal and factual sufficiency are measured by the elements of the offense as defined by a hypothetically-correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see also Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008). Under a hypothetically-correct jury charge, Turley committed the offense of aggravated sexual assault of D.S. if he intentionally or knowingly caused the penetration of the mouth of D.S. by his sexual organ and D.S. was younger than fourteen years of age at the time. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(ii), (2)(B) (Vernon Supp. 2009). A person acts intentionally with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct; a person

3

acts knowingly with respect to the nature of his conduct when he is aware of the nature of his conduct. TEX. PENAL CODE ANN. § 6.03 (Vernon 2003).

"The testimony of a child sexual abuse victim alone is sufficient to support a conviction for aggravated sexual assault."[2] *Ozuna v. State*, 199 S.W.3d 601, 606 (Tex. App.—Corpus Christi 2006, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005); *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978)). D.S. took the stand and testified Turley made her "[s]uck his private." Exhibits demonstrate that D.S. defined Turley's private as his penis. D.S. was in the second grade at the time of her testimony. Intent to commit sexual assault can be inferred from acts done. *Cook v. State*, 99 S.W.3d 310, 316 (Tex. App.—Eastland 2003, no pet.). D.S. said the incident lasted "[a]bout thirty minutes" and ended when something "white . . . . [went] into my mouth and I had to spit it out." We determine that a rational jury hearing this evidence could have found beyond a reasonable doubt that Turley intentionally or knowingly caused the penetration of the child's mouth by his sexual organ.

Turley's arguments related to factual sufficiency posit that "there was no actual physical evidence whatsoever of the alleged crime," and that D.S.'s statements were unclear as to the time the incident occurred and also varied from her mother's statements, which elaborated on additional accusations of sexual abuse. Physical evidence of the aggravated sexual assault is not needed to satisfy the State's burden of proof. *Ozuna*, 199 S.W.3d 601; *Villalon v. State*, 791 S.W.2d 130,

---

[2]D.S.'s mother also testified about several other incidents of sexual abuse in addition to D.S.'s outcry that "[Turley] also had her suck his private, made her lick him." We may also consider Turley's confession when determining sufficiency of the evidence. The written confession is addressed in the third point of error.

4

133 (Tex. Crim. App. 1990). Further, we do not believe Turley's contentions demonstrate that the jury's verdict was clearly wrong, manifestly unjust, or against the great weight and preponderance of the evidence.

Because we find the evidence legally and factually sufficient, we overrule Turley's first point of error.

## II. Argument that D.S. Was Incompetent to Testify Was Not Preserved

The Texas Rules of Evidence state that every person is competent to be a witness except "[c]hildren or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated." TEX. R. EVID. 601(a)(2). This rule creates a presumption that a person is competent to testify. *Reyna v. State*, 797 S.W.2d 189, 191 (Tex. App.—Corpus Christi 1990, no pet.); *Rodriguez v. State*, 772 S.W.2d 167, 170 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd). Thus, an objection is required to preserve error in the admission of testimony before we can address the issue of whether the witness was competent to testify. *Montoya v. State*, 811 S.W.2d 671, 673 (Tex. App.—Corpus Christi 1991, no pet.) (citing *Carr v. State*, 475 S.W.2d 755, 757 (Tex. Crim. App. 1972)).

Additionally, the Texas Rules of Appellate Procedure mandate that the record show a complaint as to D.S.'s competence was made to the trial court by a timely request, objection, or motion, with sufficient specificity. TEX. R. APP. P. 33.1(a)(1). D.S. was examined outside the

5

presence of the jury.   When asked to elaborate on the difference between the truth and a lie, the child said, "when you tell a lie, it's like when you hurt somebody and you don't tell the truth say: No, I didn't.   You're telling a truth if you tell the truth, you say:   Yes, I did it."   The trial court found the child competent to testify.   Turley failed to object to the trial court's finding, and D.S. began her testimony without complaint.

"Usually, the competence of a witness is waived when she is permitted to testify without objection."   *Carr*, 475 S.W.2d at 757; *see also McGinn v. State*, 961 S.W.2d 161, 166 (Tex. Crim. App. 1998).   Unless D.S.'s testimony shows on its face that she was incompetent to testify, "complaint as to her incompetency raised for the first time on motion for new trial[3] or on appeal comes too late."   *Id.*   Turley argues D.S. was incompetent because she could not recollect her outcry to her mother, could not remember what she related to a caseworker during an interview, did not have "a clear time reference" in which the events and interviews occurred, and did not remember the exact location of this particular assault.   Our review of D.S.'s testimony referenced above, which demonstrated her ability to observe intelligently the sexual assault by Turley, recall the event, and narrate it, leads us to conclude that the record does not establish, on its face, that D.S. was incompetent to testify.

Therefore, we find that Turley failed to preserve this issue for our review.   This second point of error is overruled.

---

[3]No motion for new trial was filed in this case.

## III.    Trial Court Did Not Err in Admitting Turley's Confession

Turley filed a motion to suppress his confession alleging that his waiver of *Miranda*[4] rights was involuntary because he had a sixth-grade education and could not read or write. "No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless" the accused "knowingly, intelligently and voluntarily[5] waived the rights" defined in Article 38.22, Section 2 of the Texas Code of Criminal Procedure.[6]    TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2(a)(b) (Vernon 2005).    Where voluntariness of a custodial statement is challenged, the trial court must make a finding outside of the jury's presence, and "the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause."    TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6 (Vernon 2005).    However, the article does not preclude admission of statements that do not stem from custodial interrogation.    TEX. CODE CRIM. PROC. ANN. art. 38.22, § 5 (Vernon 2005); *see Crivello v. State*, 4 S.W.3d 792, 803 (Tex. App.—Texarkana 1999, no pet.).

---

[4]*Miranda v. Arizona*, 384 U.S. 436 (1966).

[5]Nowhere does Turley argue that his waiver of rights was unknowing and unintelligent.    The mere fact that he could not read or write does make his oral statement involuntary where it was reduced to writing, read back to him, and agreed to by him after acknowledgement that he understood and waived his rights.

[6]Article 38.22 of the Texas Code of Criminal Procedure "requires a slightly more elaborate set of warnings than *Miranda*."    *Wilkerson v. State*, 173 S.W.3d 521, 527 n.14 (Tex. Crim. App. 2005).

7

Turley's point of error on appeal involves evidence given of an interrogation during an interview; Turley claims that there was no explicit finding that the interview was noncustodial,[7] and therefore, that the court erred in failing to provide a written order as to its finding that the statement was voluntarily made. When a trial court denies a motion to suppress and does not enter findings of fact, the evidence is viewed "in the light most favorable to the trial court's ruling" and we "assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." *Herrera v. State*, 241 S.W.3d 520, 527 (Tex. Crim. App. 2007). The determination of whether Turley's interrogation was custodial presents a mixed question of law and fact. *Id.* at 526. We afford almost total deference to a "custody" determination when questions of historical fact turn on credibility and demeanor, but will review application to the law de novo. *Id.* at 526–27.

Turley was "in 'custody' only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest." *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996) (citing *Stansbury v. California*, 511 U.S. 318 (1994)). Just because police question someone at a police station does not necessarily constitute proof in and of itself that the person being questioned is in custody at that

---

[7]Turley's point of error alleges that the trial court erred in failing to determine whether the interrogation was custodial or noncustodial. Because the statement was admitted without entry of an order, we imply the finding that the statement was noncustodial. Had the court found the interrogation was custodial, it would be required to enter a written order complying with the mandatory requirements of Article 38.22 "regardless of whether or not defendant objects to failure to do so." *Lacca v. State*, 696 S.W.2d 645 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd) (remedy of trial court's error is abatement of appeal and order to trial court to make required findings).

time. There are four general situations in which custody may have occurred: (1) if Turley was physically deprived of his freedom of action in any significant way, (2) if law enforcement officers told Turley that he could not leave, (3) if law enforcement officers created a situation that would lead a reasonable person to believe that freedom of movement was significantly restricted, and (4) if there was probable cause to arrest and law enforcement officers did not tell Turley that he was free to leave. *Id.* at 255. With regard to the first three situations, "restriction upon freedom of movement must amount to the degree associated with an arrest as opposed to an investigative detention." *Id.* With regard to the last of the four situations, "the police must manifest the information to the suspect, so that a reasonable person would believe he or she is under restraint to the degree associated with an arrest." *Martinez v. State*, 171 S.W.3d 422, 430 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *State v. Rodriguez*, 986 S.W.2d 326, 330 (Tex. App.—El Paso 1999, pet. ref'd).

Officer George Griffith initially met with Turley on September 10, 2009, and obtained a statement denying sexual assault, the admission of which was not challenged. On September 30, Turley voluntarily went to the police station and submitted to a polygraph examination. After that examination had been completed, Griffith was advised that Turley wanted to speak with him. Turley was read his *Miranda* rights and submitted to an interview.[8] The warnings, which Turley initialed after they were read to him, included his right to remain silent, right to have a lawyer

---

[8]"Mere recitation of such [*Miranda*] warnings is more indicative of proper cautiousness than it is of the officer's intent to arrest." *Dancy v. State*, 728 S.W.2d 772, 777 (Tex. Crim. App. 1987).

present, and right to terminate the interview at any time. Griffith explained that no force was used, Turley was not in handcuffs, was not arrested, and was free to leave at any point. He could not remember if the interview lasted for more than an hour or two. Because Turley could not read or write due to his illiteracy, his statements were typed by Griffith and were read back to him in the presence of notary public Kellee Horn. The statement read:

> I, Jessee Wayne Turley was at Lake View Park with my 2 kids Aron Turley and [D.S.]. While we were swimming [D.S.] jerked my shorts down and grabbed my penis and tried to stick it in her mouth. [D.S.] may have got my penis in her mouth I am not sure because I jerked back, and told her that I needed to get her some help. This happe[ne]d this past summer while she was staying with me . . . .

Horn testified that after the statement was read, Griffith asked, "Is that what you wanted me to put in there," to which Turley responded, "Yes, sir." Horn witnessed and notarized Turley's signature on the statement, and believed that he made the statement knowingly and intelligently in the absence of duress. Because Turley was free to leave, he departed the station and was not arrested until October 6, 2009.

"At trial, the defendant bears the initial burden of proving that a statement was the product of 'custodial interrogation.'" *Herrera*, 241 S.W.3d at 526. There was no evidence establishing Turley was physically deprived of his freedom of action in any significant way, or that he was told he could not leave. Griffith's testimony demonstrates Turley voluntarily arrived at the police station and asked to speak with Griffith. No physical restraints or duress were used, and no other facts suggest that Griffith created a situation that would lead a reasonable person to believe that

10

freedom of movement was significantly restricted. The fact that Turley was allowed to leave the police station after the interview is further evidence that he was not in custody at that time. Although there may have been probable cause to arrest Turley because D.S.'s outcry was known to officers, there is no evidence suggesting Griffith failed to tell Turley that he was free to leave. Thus, we find that Turley's statement was the product of a noncustodial interview. *See Estrada v. State*, 313 S.W.3d 274 (Tex. Crim. App. 2010) (interrogation of over five hours not custodial where defendant came to station voluntarily and told he was free to leave); *Dancy*, 728 S.W.2d at 778–79 (thirty-eight-minute interview not custodial interrogation even where suspect accompanied officers to police station and gave hair samples). As such, the trial court was not required to enter a written order finding Turley's statements to be voluntary.[9]

Turley's points of error with regard to his confession are overruled.

## IV. Turley Was Not Denied Effective Assistance of Counsel

Turley alleges that his counsel rendered ineffective assistance. In analyzing this point of error, we start with the rule that any allegation of ineffectiveness must be firmly founded in the record. *Wallace v. State*, 75 S.W.3d 576, 589 (Tex. App.—Texarkana 2002), *aff'd*, 106 S.W.3d 103 (Tex. Crim. App. 2003); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). From the record received by this Court, which does not include counsel's reasons for the alleged failures, Turley bears the burden of proving that counsel was ineffective by a preponderance of the evidence. *Goodspeed*, 187

---

[9]Again, we note that Turley does not allege on appeal that the statement was made involuntarily.

11

S.W.3d at 392; *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984); *Thompson*, 9 S.W.3d at 813.

We apply the two-pronged *Strickland* test handed down by the United States Supreme Court to determine whether Turley received ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). First, Turley must show counsel's performance fell below an objective standard of reasonableness when considering prevailing professional norms. *Id.* at 687–88. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that the challenged action could be considered sound trial strategy. *Id.* at 689; *Ex parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004); *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Therefore, we will not second guess the strategy of Turley's counsel at trial through hindsight. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); *Hall v. State*, 161 S.W.3d 142, 152 (Tex. App.—Texarkana 2005, pet. ref'd).

Without analysis, Turley provides the following laundry list of alleged errors committed by counsel:

i.   Failing to call witnesses for the Defendant at the guilt/innocence phase of trial, although witnesses had been subpoenaed;
ii.  Failing to call witnesses for the Defendant at the punishment phase of the trial;
iii. Failing to seek to admit the video interrogation of the child witness;
iv.  Failing to lodge proper objections to the competency of the child witness to testify;
v.   Failing to file proper pre-trial motions;
vi.  Failing to file a motion to dismiss the indictment;
vii. Failing to hire a defense expert;

12

>        viii.    Failing to properly cross-examine witnesses; and
>
>        ix.     Filing a Notice of Appeal and Motion to Withdraw as Counsel simultaneously, without first filing a Motion for New Trial.

In this case, since the record is silent as to why counsel failed to make an objection or take certain actions, we will assume it was due to any strategic motivation that can be imagined. *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *Fox v. State*, 175 S.W.3d 475, 485–86 (Tex. App.—Texarkana 2005, pet. ref'd). There is no indication that calling any witnesses for Turley during either the guilt/innocence or punishment phase would be helpful to Turley. The decision not to call witnesses could have been a strategic choice. We cannot fathom, absent argument to the contrary, why Turley's counsel would prefer admission of D.S.'s video recorded interview; the interview itself might have elicited sympathy from the jury and would certainly have been redundant of the same story the child gave from the stand, further impressing it on the minds of the jurors. The finding that D.S. was competent was made in front of the jury. Turley's counsel could have decided not to object because he believed D.S. was competent and reasoned that an objection in front of the jury might give the appearance Turley was attempting to hide key evidence and/or that D.S.'s credibility might be bolstered if the trial court overruled his objection. Next, Turley does not elaborate on what pretrial motions should have been filed, what basis would support a motion to dismiss the indictment, and why he would be entitled to a defense expert. The record demonstrates that counsel adequately cross-examined each of the State's witnesses, and there is no indication as to why his examination was inadequate. Finally, the trial court imposed its sentence

13

on February 23, 2010, trial counsel withdrew on March 18, 2010, and appellate counsel was appointed on the same day. Thus, appellate counsel was free to file a motion for new trial. *See* TEX. R. APP. P. 21.4. Trial counsel might have been aware of the timing of the appointment and could have decided to let appellate counsel (presumably skilled in appellate work and cognizant of the steps which would further the chances for a successful appeal) file a motion for new trial if it was deemed by appellate counsel to be advisable or necessary. In addition, Turley's brief fails to address what meritorious grounds would be available to support the motion for new trial. We find that Turley failed to establish the first *Strickland* prong. Failure to satisfy either prong of the *Strickland* test is fatal. *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006).

Nevertheless, to meet the second prong of the *Strickland* test, Turley was required to show that the deficient performance damaged his defense such that there was a reasonable probability[10] that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *Tong*, 25 S.W.3d at 712. Turley fails to adequately brief this second *Strickland* prong. Given the evidence which we found sufficient to support his conviction, we conclude Turley did not meet his burden to prove, by a reasonable probability, that the result of the proceeding would have been different.

We overrule Turley's last point of error.

---

[10]A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

## V.	Conclusion

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:	August 13, 2010
Date Decided:	September 1, 2010

Do Not Publish

15