COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Edwin Anderson Rivera v. The State of Texas

Appellate case number:   01-12-00720-CR

Trial court case number:  1240582

Trial court:              174th District Court of Harris County

The record reflects that appellant, Edwin Anderson Rivera, filed a motion in the trial court to suppress his confession to police on the grounds that he had not properly understood the warnings given to him prior to questioning, that he had not been given his medication, and that he had not slept. After a hearing outside the presence of the jury,[1] the trial court denied appellant's motion to suppress and, in accordance with Texas Code of Criminal Procedure article 38.22, section 6, made a specific finding that appellant's confession was voluntary. TEX. CODE CRIM. PROC. art. 38.22, § 6 (Vernon Supp. 2013). The trial court did not, however, enter the statutorily required findings of fact on which its decision was based. *See id.*

Pursuant to article 38.22, "[i]n all cases where a question is raised as to the voluntariness of a statement of an accused, the [trial] court must make an independent finding . . . as to whether the statement was made under voluntary conditions." *Id.* If found voluntary and admissible as a matter of law and fact, the trial court "must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause." *Id.* These statutory requirements are mandatory and do not depend on an objection or request by a defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6; *Green v. State,* 906 S.W.2d 937, 938–40 (Tex. Crim. App. 1995); *see also Vasquez v. State*, No. PD-0497-13, 2013 WL 5729828, at *1–2 (Tex. Crim. App. Oct. 23, 2013) (holding that "written findings are required in all cases concerning voluntariness," and "[t]he statute has no exceptions").

Here, after the trial court denied appellant's motion to suppress, the State asked the trial court whether its ruling constituted "a specific finding that the statements were voluntarily made," and the trial court answered, "Yes." The trial court made no mention of its findings of fact on which its decision was based. The record must contain findings that are detailed enough to enable the appellate court to determine the basis for the trial court's ruling and to assist in

---

[1]     *See Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774 (1964).

determining the sufficiency of evidence. *See Guidry v. State*, 9 S.W.3d 133, 141 (Tex. Crim. App. 1999).

We must therefore abate the appeal and remand the case to the trial court so that the trial court may file its findings of fact on which its conclusion concerning the voluntariness of appellant's confession was based. *See Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004); *see also Vasquez*, 2013 WL 5729828, at *2 (holding that appellate court must abate for findings). The trial court may review the transcript of the testimony upon which its original ruling was made, if necessary, to refresh its recollection. *See Lacca v. State*, 696 S.W.2d 645, 648 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd). The trial court's findings of fact and conclusions of law shall be included in a supplemental clerk's record and filed in this Court **no later than 30 days after the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings of fact and conclusions of law are filed in this Court.

It is so ORDERED.


Judge's signature: /s/ Laura C. Higley
                        ☑ Acting individually    ☐ Acting for the Court


Date: November 26, 2013